The opinion of the Court Was delivered by
Tilghman C. J.
This is an action in the name of Alex. ander W. Walker, (marked for the use of Joshua Hutchinson and others,) against the executors of Patrick Byrne, deceased, on a bond given by the said Patrick Byrne, as security for the faithful administration of Eleanor Wray, who was administratrix of George A. Wray, deceased. It appears, that George A. Wray, being indebted to the house of Alexander W. Walker and sons, and Co., gave his bond, (with warrant of attorney to confess judgment) to Alexander W. Walker, the plaintiff, one of the said house, in the penalty of 10,000 pounds, to secure the said debt; and judgment was entered on the said bond, in the life tithe of the said George A. Wray. Eleanor Wray settled her administration account in the Orphans’ Court, on which a balance of 5191 dollars 69 cents, *487 was found to be in her hands, subject to the payment of the intestate’s debts. Auditors were appointed by the Orphans’ Court, to ascertain the amount of debts due from (the intestate, &c. according to the Act of Assembly, in such case provided, who reported the balance abovementioned to be in the hands of the administratrix, and that Walker’s judgment, which was the only judgment against the intestate, was more than sufficient to cover the whole balance aforesaid. And in addition to this, the auditors reported “ that after the entry of Walker’s judgment, he had become a bankrupt in England, and insolvent in Pennsylvania, and that they, the said auditors,, under the said circumstances, could not say .which class of assignees should of right receive the money.”
On the trial of the cause in the Court below, the defendants’ counsel made two objections to the plaintiff’s recovery, which have also been urged on the argument in this Court. 1st. That no action lay against the defendants, on the administration bond of Patrick Byrne, until the Orphans’ Court decided on the report of the auditors. 2d. That the English assignees of Walker, under a commission of bankruptcy, issued against him in England, (for whose use. this suit is brought,) cannot support an action in Pennsylvania.
1. There is no weight in the first objection. It would be in vain to wait for the opinion of the Orphans’ Court, because that Court had no right to decide, who was entitled to the benefit of Walker’s judgment. No decree which that Court could make on that subject, would be obligatory on the Courts of common law. Indeed, the auditors ought not to have meddled with the property of the judgment. When they had said, that its amount was sufficient to absorb the whole balance in the. hands of the administratrix, they should have stopped. The only object of appointing auditors, is to make a division pro rata, of the assets, in certain cases mentioned in the Act of Assembly. But here, there could be no division pro rata ; because there was but one judgment, and no other debt of equal dignity. The assets were all absorbed by this judgment. To whom the benefit of the judgment belonged was another, question, with which the auditors had nothing to do. . '
2. Neither do I think, there is any difficulty in the second question. Assignees, under a commission of bankrupt, is *488 sued in England, cannot support an action in their own names, jn this Commonwealth. But, this action is not brought in ^e names of th«- assignees. It is brought in the name of Alexander W. Walker, the obligee in the bond of George A. Wray. The form of action, therefore, is right. Whether the English assignees are entitled to the benefit of Walker’s judgment, is a question, not necessary, at present, to be decided. I may say, however, that for any thing that appears to us, they are entitled ; because it is not stated in the record, that Walker ever made an assignment, under the insolvent Acts of Pennsylvania, or that he ever made a voluntary assignment of this judgment, in Pennsylvania, or elsewhere. And, if that be the case, there is nothing to interfere with the right of the assignees, under the English commission. It has been decided by this Court, that an attachment issued from one of the Courts of this State, will prevail against the assignees under an English commission. But, we hear of no attachment in this case. In fact, the right of the English assignees, has not been contradicted by any but the defendants. No person, whatever, has given notice to the defendants, of any counter claim. It is an impediment raised by themselves—for their own protection. If any other persons had claimed the benefit of this judgment, the Court would have let them in, and given them a trial. Or even yet, after affirmance of this judgment, on good cause shewn, the Court below, after the record is remitted, might stop the payment of the money, until it was ascertained, whether any other claimant had better right than the English assignees. But, the defendants have no pretence to stay the judgment on a suggestion that perhaps some other person may, hereafter, appear, who has better right. The money is due from the defendants, and they will be safe in paying it to the person to whom it is awarded by the judgment of this Court.
I am of opinion, that the judgment of the District Court should be affirmed.
Judgment affirmed.